JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    vs.<br><br>ENVISION DIRECT L.L.C. and GARY R. HEADDING,<br><br>    Defendants. | Case No. SA CV 10-00241 JVS (MLGx)<br><br>**JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANTS GARY R. HEADDING AND ENVISION DIRECT L.L.C.** |

    Plaintiff Securities and Exchange Commission (the "Commission") having filed a Complaint and Defendants Gary R. Headding ("Headding) and Envision Direct L.L.C. ("Envision Direct") (collectively "Defendants") having acknowledged having been served with the Complaint; entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to the entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); and waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment.

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Headding and Envision Direct and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, by use of the mails or other means or instrumentalities of interstate commerce:

    a.    with scienter, employing devices, schemes, or artifices to defraud clients or prospective clients; or

    b.    engaging in transactions, practices, or courses of business which would operate as a fraud or deceit upon clients or prospective clients

in violation of Sections , Sections 206(1) and 206(2) of the InvestmentAdvisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) and 80b-6(2).

**II.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Headding and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise and each of them, be and hereby are permanently restrained and enjoined from aiding and abetting any violation of Section 204 of the Advisers Act, 15 U.S.C. § 80b-4, and Rule 204-2 thereunder, 17 C.F.R. § 275.204-2, by knowingly providing substantial assistance to an investment adviser who fails to make and keep required records.

**III.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Envision Direct and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this

Judgment by personal service or otherwise and each of them, be and hereby are permanently restrained and enjoined from any violation of Section 204 of the Advisers Act, 15 U.S.C. § 80b-4, and Rule 204-2 thereunder, 17 C.F.R. § 275.204-2, by failing to make and keep required records.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to pursuant to Section 209(e)(1) of the Advisers Act, 15 U.S.C. § 80b-9(e)(1).  The Court shall determine the amounts of the disgorgement and/or civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from April 1, 2007, using the post-judgment rate of interest prescribed by 28 U.S.C. § 1961.  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and

agreements set forth therein.

### VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment, as well as determining disgorgement, prejudgment interest, and civil penalties.

### VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated:  June 23, 2010

_____
HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE